# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

---

**Case Title:** Michael Angelo Farrace
**Adversary Title:** Farrace v. New Penn Financial, LLC

**Case No.:** 13-24657 - E - 13
**Adv No.:** 17-02040

**Docket Control No.**
**Date:** 05/30/2018
**Time:** 2:00 PM

**Matter:** Pre-Trial Conference Re: Complaint for Declaratory Relief, Violation of the Automatic Stay and Related State and Federal Causes of Action - [1] - [1] - (91 (Declaratory judgment)),(02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) : Complaint 17-02040 by Michael Angelo Farrace against New Penn Financial, LLC. (Fee Amount of $350.00 is Exempt.) (eFilingID: 6007320) (smis)

**Judge: Ronald H. Sargis**
**Courtroom Deputy: Janet Larson**
**Reporter: Diamond Reporters**
**Department: E**

---

**APPEARANCES for:**
**Movant(s):**
Plaintiff's Attorney - Peter L. Cianchetta
**Respondent(s):**
(by phone) Defendant's Attorney - Erin M. McCartney

---

## CIVIL MINUTES

PRE-TRIAL CONFERENCE NOW TO BE HELD ON 7/11/2018 at 2:00 PM at Sacramento Courtroom 33, Department E

Pre-Trial Conference

See Findings of fact and conclusions of law below


Plaintiff's Atty:   Gary Ray Fraley

Defendant's Atty:   Erin M. McCartney - Telephone Appearance

Adv. Filed:   3/20/17

Answer:   5/10/17

Nature of Action:

Declaratory Judgment

Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

**The Pretrial Conference is continue to 2:00 p.m. on July 11, 2018.**

Notes:

Scheduling order -

Initial disclosures by 6/16/17

Disclose experts by 11/10/17

Exchange expert reports by 12/1/17

Close of discovery 1/26/18

Dispositive motions heard by 3/30/18

[EMM-1] Defendant's New Penn Financial, LLC dba Shellpoint Mortgage Servicing's Motion for Summary Judgment or in the Alternative Partial Summary Judgment fled 1/8/18[Dckt 15]; Order denying filed 3/22/18 [Dckt 34]

[PLC-3] Substitution of Attorney of Record [for Debtor] filed 5/8/18 [Dckt 35]; Order granting filed 5/9/18 [Dckt 37]

**MAY 30, 2018 PRETRIAL CONFERENCE**

**Discussion of Issues at Pretrial Conference**

The Plaintiff-Debtor states that it is awaiting an accounting from the creditor. Counsel for Defendant hopes to have it next week.

On May 9, 2018, the court entered an order substituting Peter Cianchetta, Esq. as counsel for the Plaintiff-Debtor. Dckt. 37.

No Pretrial Conference Statement has been filed by Plaintiff-Debtor.

Defendant New Penn Financial, LLC, dba Shellpoint Mortgage Servicing, filed its Pretrial Statement on May 23, 2018. Dckt. 38. Defendant states for undisputed facts:

A.  This is a core proceeding, and to the extent that the Complaint states any non-core matters, Defendant consents to the final orders and judgment to be entered by the bankruptcy judge. (Reconfirming the consent given on the record at the Pretrial Conference.)

B.  The asserted undisputed facts concerning Plaintiff-Debtor obtaining a loan and

how that obligation now rests with Defendant as the loan servicer.

  C. At the time the Chapter 13 bankruptcy case was filed by Plaintiff-Debtor, there was an arrearage of $50,233.27 on the loan obligation.

  D. Defendant has provided its responses to discovery.

Defendant also notes that due to a health impairment of former counsel, Plaintiff-Debtor has new counsel, and the parties are engaging in settlement discussions, believing (hoping) that a settlement is possible.

  For Disputed Facts, Defendant asserts:

  A. There has been no violation of the automatic stay relating to the application of payments, tax reporting, or the taking of monies from Plaintiff-Debtor.

  B. That there were no errors in post-petition notices, and no harm was suffered by Plaintiff-Debtor.

  C. That Defendant has provided accurate tax reporting information.

  D. That Defendant did not divert any monies or apply them improperly.

  E. That Defendant did not engage in any unlawful, fraudulent, or unfair business practices relating to tax reporting, interest rate payments, escrow payments, reporting of principal payments, or taking of monies from Plaintiff-Debtor.

## MAY 31, 2017 STATUS CONFERENCE

The Status Conference was concluded, with the court to issue a supplemental order specifying the 2018 Pretrial Conference date.

## SUMMARY OF COMPLAINT

Michael Farrace ("Plaintiff-Debtor") alleges that in his Chapter 13 bankruptcy case his Chapter 13 Plan was confirmed. A dispute has arisen concerning the amount of Defendant's claim in the bankruptcy case, it now being stated higher than that computed by Plaintiff-Debtor based on the proof of claim filed in the bankruptcy case. It is asserted that Defendant violated the automatic stay by misapplying the Chapter 13 Plan payments.

The Second Claim for Relief is an objection to proof of claim.

The Third Claim for Relief seeks a declaration of whether Plaintiff-Debtor is current on all payments due Defendant under the Chapter 13 Plan. (It does not appear that this is actually a request for declaratory relief to guide future conduct, but for a determination of the obligations existing for the past conduct of the Parties).

The Fourth Claim for Relief is for conversion, the misapplication of the plan payments by Defendant. The Fifth Claim for Relief is stated to be for violation of California Business and Professions Code §§ 17200 et seq. Contractual and statutory attorneys fees are requested by

Plaintiff-Debtor.

**SUMMARY OF ANSWER**

New Penn Financial, dba Shellpoint Mortgage Servicing ("Defendant") has filed an answer admitting and denying specific allegations in the Complaint.

**FINAL BANKRUPTCY COURT JUDGMENT**

Plaintiff alleges in the Complaint that jurisdiction for this Adversary Proceeding exists pursuant to 28 U.S.C. §§ 1334 and 157(b)(2), and that this is a core proceeding pursuant to 28 U.S.C. § 157(b). Plaintiff-Debtor also expressly consents to the bankruptcy judge issuing all orders and final judgment for the Complaint. Complaint 2, 3, 4; Dckt. 1. In its answer, New Penn Financial Service, LLC, Defendant, admits the allegations of jurisdiction and core proceedings. Defendant also consents to the bankruptcy judge issuing all orders and the final judgment on this Complaint. Answer 2, 3, Dckt. 7.